IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

MICHAEL M. NGRIME,                          )
                                            )
            Plaintiff,                      )              8:04cv533
                                            )
      vs.                                   )        MEMORANDUM AND ORDER
                                            )
HUNTINGTON PARK CARE CENTER    )
INC.,                                       )
                                            )
            Defendant.                      )

      This matter is before the court on the following pending motions: (1) filing no. 25, the
Motion for Enlargement of Time filed by the plaintiff, Michael M. Ngrime; (2) filing no. 26,
the plaintiff's Motion to Compel Answers to Interrogatories; (3) filing no. 27, the Motion to
Compel Answers to Interrogatories and Responses to Requests for Production and
Requests for Sanctions filed by the defendant, Huntington Park Care Center, Inc.; (4) filing
no. 28, the defendant's Motion for Attorney's Fees; (5) filing nos. 31 and 33, the
defendant's Motion for Enlargement of Time to File Dispositive Motions; and (6) filing no.
35, the defendant's Motion for a Protective Order.  The parties have consented to the
jurisdiction of the undersigned Magistrate Judge for all purposes up to and including the
entry of judgment.

      In filing nos. 25 and 26, the plaintiff complained on August 16, 2005, that the
defendant had failed and refused to answer the plaintiff's interrogatories served on the
defendant in May 2005.  In addition, the defendant's attorney refused to make
representatives of the defendant available for depositions on a reasonable basis.
Therefore, the plaintiff sought to compel discovery and to extend any response date in the
event the defendant filed any dispositive motions.

      In filing nos. 27, 28, 33 and 35, the defendant states that it did provide responses
to the plaintiff's discovery requests, and the defendant complains of difficulties obtaining
discovery responses from the plaintiff.  In addition, the defendant refuses to make its
personnel available to the plaintiff for depositions until the plaintiff responds to discovery.

      In filing no. 37, after a planning conference, the court entered a Progression Order
setting **January 27, 2006**, as the deadline for completion of depositions.  Therefore, the
parties shall, from this point on, cooperate fully in every aspect of discovery.

      First, the defendant shall fully and completely respond to the plaintiff's interrogatories
by **November 15, 2005**.  If the defendant's initial responses were complete, thorough and
not evasive, they may simply be resent to the plaintiff.  Otherwise, they must be resent *and*

supplemented in time to be received by the plaintiff on November 15, 2005.

Second, the plaintiff shall provide the defendant with complete, thorough and nonevasive responses to the defendant's discovery requests in time to be received by the defendant's attorney on **November 30, 2005**.

Third, during the months of November and December 2005, the defendant shall make its employees available to the plaintiff for depositions at the dates and times stated by the plaintiff in Notice(s) of Deposition served pursuant to Fed. R. Civ. P. 30(b) and filed with the court. The plaintiff shall provide the defendant's attorney not less than two weeks advance notice of the deposition(s).  Similarly, if the defendant decides to depose the plaintiff before the deadline established in the court's Progression Order, the defendant shall give the plaintiff at least two weeks advance notice of such deposition.

The deadline for dispositive motions is extended to **February 14, 2006**. All requests for sanctions, costs and attorneys fees are denied, as the lack of cooperation appears to have been mutual.

THEREFORE, IT IS ORDERED:

1.      That  filing no. 25, the plaintiff's Motion for Enlargement of Time, is granted insofar as set forth above;

2.      That filing no. 26, the plaintiff's Motion to Compel, is granted insofar as set forth above;

3.      That filing no. 27, the defendant's Motion to Compel and for Sanctions, is granted in part and denied in part as set forth above;

4.      That  filing no. 28, the defendant's Motion for Attorney's Fees, is denied;

5.      That filing nos. 31 and 33, the defendant's Motion for Enlargement of Time to File Dispositive Motions, is granted; and

6.      That filing no. 35, the defendant's Motion for a Protective Order, is denied.

DATED this 24th day of October, 2005.

BY THE COURT:


s/ F. A. GOSSETT
United States Magistrate Judge